dence to support the Administrative Law Judge's (ALJ) finding that she was not disabled. She further argues that the ALJ improperly evaluated her credibilty. Finally, Seinera argues that the ALJ failed to determine whether she could maintain employment in accordance with *Watson v. Barnhart,* 288 F.3d 212 (5th Cir.2002).

This court reviews the Commissioner's decision for whether substantial evidence in the record supports the decision and whether the Commissioner applied the proper legal standard. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir.1994). Substantial must be more than a mere scintilla, but it need not be a preponderance. *Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th Cir.1987). In applying this standard, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995).

As part of her challenge to a lack of substantial evidence to support the ALJ's finding, Seinera contends that the ALJ's findings were inconsistent. Her argument is without merit. The record is replete with evidence supporting the ALJ's decision that Seinera was not disabled and could find employment as a real estate receptionist or clerk. Substantial evidence supporting the ALJ's determination exists in the form of testimony by two vocational experts, a medical expert's testimony, and medical evidence taken over the period of alleged disability. *See Fraga,* 810 F.2d at 1302.

Similarly, Seinera's challenge to the ALJ's credibility finding is not supported by the record. The ALJ found, and medical records and testimony establish, that although Seinera complained that her memory loss was severe and disabling, the extent of Seinera's complaints did not rise to a level of impairment recognized by the Social Security Administration as a disabl-

ing condition. *See Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir.2001).

Finally, Seinera's argument that the ALJ failed to properly consider whether she could maintain employment in accordance with *Watson* is unavailing. Seinera does not assert that her back and memory conditions are intermittent in nature. *Cf., Frank v. Barnhart,* 326 F.3d 618, 619 (5th Cir.2003). Accordingly, the judgment of the district court is AFFIRMED.

**Eugene RATLIFF, Jr., Plaintiff–Appellant,**

v.

**Breaud CANTU, A Joint Venture; Henry Estle; Breaud Services, Inc., Defendants–Appellees.**

No. 03–31050.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 13, 2004.

Robert G. Nida, Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, for Plaintiff–Appellant.

Edward J. Fonti, Jones, Tete, Nolen, Fonti & Belfour, L.L.P., Lake Charles, LA, for Defendants–Appellees.

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

**Reyes Ivan ESPINOZA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 03–60807.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 13, 2004.

Albert Armendariz, Sr., El Paso, TX, for Petitioner.

Thomas Ward Hussey, Director, Washington, DC, for Respondent.

John Ashcroft, Washington, DC, pro se.

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM: *

Reyes Ivan Espinoza petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming, with-out opinion, the Immigration Judge's ("IJ") order denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). Espinoza challenges as "arbitrary and irrational" the IJ's determination that he had failed to establish either the statutory requirement of 10 years of continuous physical presence in the United States or that his four children would suffer "exceptional and extremely unusual hardship" if the family were removed to Mexico.

Because this case involves the granting of relief under 8 U.S.C. § 1229b(b), the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(i) is implicated. *See Garcia–Melendez v. Ashcroft,* 351 F.3d 657, 661 (5th Cir.2003). The jurisdiction-stripping provision eliminates jurisdiction over those decisions that involve the exercise of discretion. *Mireles–Valdez v. Ashcroft,* 349 F.3d 213, 216 (5th Cir.2003). The IJ's determination that Espinoza's children would not suffer an "exceptional and extremely unusual hardship" if Espinoza were deported to Mexico involved the exercise of discretion. *Rueda v. Ashcroft,* 380 F.3d 831 (5th Cir.2004), 380 F.3d 831, 2004 WL 1747388 at *1. Therefore, this court lacks jurisdiction to review the IJ's determination on hardship, and Espinoza's petition is DISMISSED.

PER CURIAM: *
**AFFIRMED.** *See* 5TH CIR. R. 47.6.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.